Michael Little. I'm told all the parties are present. And so we will go ahead and get started in just one moment. Okay. And Mr. Little, can you hear us okay? I can hear you clearly, Your Honor. Can you hear me? Yes, we can hear you. And we also have Judge Calabrese joining us via Zoom. So we're all set for that as well. So, Mr. Little, you've reserved one minute for rebuttal. So you can go ahead and get started when you're ready. I'm grateful, Your Honor. I'd like to first thank the court and the Second Circuit for allowing me the extensions it has. I've had cancer surgery, which I'm still recovering from at the moment, quite aggressive prostate cancer. And therefore, this this matter has been delayed for a period of time. Also grateful for the court to allow me to appear by Zoom. I will rest on my papers and counts in respect of points one and two, given the limited amount of time I'm able to argue here. And I'd like to really ask the court to focus on point three, which is the matter of not reviewing restitution subsequent to the substantial funds being remitted to the segment siblings. In my background, when the trust that had been set up by Henry, by Harry Segerman was distributed, it was distributed to the siblings. And there was a handicapped daughter who did not have mental capacity. And all the documentation shows I was not at that meeting where they subsequent meeting that was hotly, hotly contested at the trial. But she was the funds, the one point six million dollar funds that were allocated to her were held signature on the document of the of the agreement done when I wasn't present. Executed when I wasn't present. The signature was done by Henry Segerman, who's the oldest, who was the who was the eldest son and a prime mover in the matter. And Henry wrote down that he was her trustee. Well, she's not a legal capacity in 2020, January 2020. The the funds that were allocated to her 20 years earlier, one point six million in 19 in 2001 were sent across. No, no quantum has been made on that amount at it just said in excess of one point seven million. It doesn't say the amount. Now, the Dow moved in that period of time from 10,000 to 30,000, but even compounding interest at one percent. You'd have another four hundred thousand dollars at three percent. You'd have two point nine. That one point six would have grown to two point eight nine. And and these were funds that came out of the. I was alleged to have conspired with the segment family to to hide these funds from the government. These these funds continue to grow and were sent back inexplicably to Kaplan and Drysdale, a legal firm who were going to allocate them. But based on the fruit of the poison tree, these were funds that were hidden by the segment family, not paid. And then restitution was was was was was was was ordered here for four point two million. And no investigation has been taken place at all in respect of the what's happened to this money, where it's gone. Now, this was the inheritance that the daughter was applied for, applied to. She had no mental capacity. This was controlled by the segment siblings. All of them went to jail and there's been no accounting of this whatsoever. So I say at the very least, I argue for a retrial or a dismissal in points one and two. But in point three, I argue for an evidential hearing to really examine the matter correctly, because it's it's I think it's. To think that that one point six million would turn to one point seven million over 20 years untouched by any fees. They were being invested. They were being invested by the family. They were the trustees for it. And we have there's been nothing on the evidence at all about that. Now, of course, that reduces the restitution element, which which was ordered at court about approximately four point two million. Mr. Little, may I just ask, I'm having trouble understanding why it makes any difference. That is to say, as I understood it, the restitution amount was based on the amount of estate tax that should excuse me, should have been paid on the entirety of the estate that was hidden from the IRS. So if some of that money remained undistributed and if later it grew to some larger amount, why does that change the amount of estate tax that would have been due in the first place? It doesn't, Your Honor. It doesn't change it at all. It just is there and then is repatriated to the United States and defeases the liability because you can't have double. You can't have double. It's trite law. It's commonplace. Why is there why is there any tax that is collected on the distribution of those funds? They were taxed. The entire estate was the tax was calculated on the entire estate, including that amount of money. That's what should have been paid back in the day. And that's what the restitution award was based on. So what happens to the money thereafter? I'm not sure how that changes that basic fact. Well, I think, Your Honor, I hear what you're saying and concur. But I say also, I'd like to add that those funds were hidden. Nobody discussed those funds at trial. And that would have made a material difference at trial had that come forward. Plus that it would be I may be incorrect in saying this would be fruit of the poison tree. You can't have double recovery, though. I mean, that is trite law in a situation such as this, as I understand it. And I know, Judge Calabresi, you're not you're muted right now. Can you. Did you have a question, Judge Calabresi? We can't hear you right now. If you did. No, we can't hear you. Could you is your microphone off? Now, can you hear me? Yes. Yeah. Was this not raised on appeal? And you're saying nonetheless, it must be raised, able to be raised on quorum nobis. Is that the point? My point is it wasn't it wasn't known at appeal. It was raised. It was raised. But if you say you have additional things, but the issue itself was on appeal and you lost on that. But you say there are additional facts and therefore you want quorum nobis. Right. Yes. Yes, that's correct. I'd like it. And I would if I could just finally state that Judge Friendly teaches in. I can't remember the name of the case now, but that I it's in it's in here that that it's a low threshold for my request in terms of an evidential hearing. So this can be clarified if I can rest on that. And I'm most grateful for the time. OK, great. You will have a minute of rebuttal to hear from me. May it please the court. My name is Dina McLeod. I'm an assistant U.S. attorney in the Southern District of New York. I represent the government on appeal and I represented the government at trial. As your honors know, in twenty eighteen, a jury convicted Mr. Little after a three week trial on all 19 counts of the indictment. There is no merit to his arguments today that first Judge Castell should have recused himself or that Judge Castell erred in denying Little the extraordinary remedy of a grant of a writ of error quorum nobis. I think both Judge Lynch and Judge Calabrese have picked up on some of the points that the government has made in opposition to the relief here in terms of both of the relevance of the current state of Patricia Segerman's funds as to restitution. And as to the fact that this case has been heard on direct appeal and in this court twice and twice, this court has affirmed Mr. Little's convictions. Unless the court has any other specific questions, we would rest on our written submission. Thank you. Thank you. Thank you, Your Honor. Mr. Little, you have some rebuttal time. I'm most grateful. I'm grateful for my learned friend stating that this is an unequivocal, sharp, open and sharp case. And I'm here to say in my 76th year and watching my life destroyed by the lies that were, first of all, put forward by my learned friend's predecessor, who was founded by the deceased, may he rest in peace, Judge Duffy, to be a liar and a liar for the rest of his life, that these proceedings have been uneven right from the start. I'm being faced with the destruction of my life over the purges testimony that's disputed even between the Segerman's children. Whatever time God gives me left in this life, I will spend my time attempting to clear my name because I am being unjustly convicted. There is a miscarriage of justice here. It's very easy for my learned friend to try to say it's all been done before and everything else, but I will not rest while God gives me breath until I find justice or I find justice here. Judge Duffy said that it's imprinted on the words on the walls of the Supreme Court that justice is the search for this and is the search for justice and is the search for this. I've been convicted on purging testimony. Thank you. Thank you. All right. Thank you, Mr. O'Neill. Thank you to both of you. We will take the case under advisement.